**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Melinda Lou Armer, | No. CV-19-04402-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| CSAA General Insurance Company, | |
| Defendant. | |

Pending before the Court is Plaintiff Melinda Armer's motion for reconsideration and supplement thereto. (Docs. 99, 100.)

Armer seeks reconsideration of the portion of the Court's June 10, 2020 order precluding her experts from testifying that a car accident caused her to suffer an exacerbation of a pre-existing pelvic fracture. (Doc. 93 at 9-15.) The Court concluded that exclusion was required because (1) the exacerbation opinion cannot be fairly characterized as a "rebuttal" opinion (it contradicts the opinion that Armer's experts offered in their initial disclosures, which is that Armer didn't have a pelvic fracture before the accident, and constitutes a theory that Armer wishes to advance during her case in chief), (2) the exacerbation opinion was therefore not timely disclosed under the scheduling order, (3) under Rule 37(b)(1), an untimely disclosed expert opinion must be excluded unless the disclosure error was substantially justified or harmless, and (4) the error here was not substantially justified or harmless (Armer had ample notice of CSAA's theory that she had a pre-existing fracture, and allowing her to essentially re-do her expert opinions would

result in significant expense and delay). (*Id.*) Armer argues reconsideration is necessary because the exacerbation opinion constitutes proper rebuttal and, even if it doesn't, the Court failed to make the necessary finding of bad faith or willfulness before ordering exclusion. (Doc. 99 at 2-8.)

Reconsideration is an "extraordinary remedy" that "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citations and internal quotation marks omitted). Under LRCiv. 7.2(g)(1), "[t]he Court will ordinarily deny a motion for reconsideration . . . absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." *Id.* Additionally, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order." *Id.* Thus, reconsideration is appropriate only "if: (1) There are material differences in fact or law from that presented to the Court and, at the time of the Court's decision, the party moving for reconsideration could not have known of the factual or legal differences through reasonable diligence; (2) There are new material facts that happened *after* the Court's decision; (3) There has been a change in the law that was decided or enacted *after* the Court's decision; or (4) The movant makes a convincing showing that the Court failed to consider material facts presented to the Court." *Honeywell Int'l, Inc. v. Western Support Group*, 2013 WL 2369919, *1-2 (D. Ariz. 2013).

Armer first argues that her experts' opinion on exacerbation constitutes proper rebuttal because it addresses "a defense theory that was not reasonably anticipated – namely that Ms. Armer did not suffer any acute pelvic injury attributable to the collision." (Doc. 99 at 3.) Despite its "surface appeal," this argument was explicitly considered and rejected by the Court in the June 10, 2020 order. (Doc. 93 at 10-11 ["The opinion that the accident exacerbated a pre-existing fracture (*i.e.*, Armer's experts' new theory) is impossible to reconcile with the opinion that the accident caused the fracture (*i.e.*, Armer's experts' old theory). Whatever the scope of rebuttal, it cannot be so expansive as to allow

- 2 -

a party to discard its initial theory of causation and adopt a new, contradictory theory that would be introduced during its case-in-chief."].) Thus, Armer is essentially attempting to reassert an argument that the Court previously considered but rejected after careful consideration. As noted, this is improper. *See* LRCiv 7.2(g)(1) ("No motion for reconsideration of an Order may repeat any oral or written argument made by the movant in support of or in opposition to the motion that resulted in the Order.").

Armer next argues that, even if the exacerbation opinion doesn't qualify as rebuttal, the Court had to make a finding of bad faith or willfulness before excluding it. (Doc. 99 at 4-8.) Although Armer made a contrary argument in her motion papers[1] and only belatedly asserted during oral argument that a finding of bad faith or willfulness was required, the Court still considered this argument in the June 10, 2020 order. (Doc. 93 at 13-14.) It was rejected. (*Id.*) Nevertheless, the Court will take this opportunity to expand on its reasoning.

The Court found that Armer's experts' opinions concerning exacerbation were not timely disclosed under Rule 26. (Doc. 93 at 9-11.) When expert opinions are not timely disclosed, and the disclosure error is not substantially justified or harmless, Rule 37(c)(1) automatically requires that they be precluded. *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1180 (9th Cir. 2008); S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 37 at 1140 n.103 (2020).

It is true that, under Ninth Circuit law, the "drastic sanctions of dismissal or default" require a finding of "willfulness, fault, or bad faith." *Henry v. Gill Indus., Inc.*, 983 F.2d 943, 946-47 (9th Cir. 1993). This rule has been extended to situations where the preclusion of evidence "deal[s] a fatal blow" to entire claims and "in practical terms" amounts to dismissal of a claim. *R &R Sails, Inc. v. Ins. Co. of Pa.*, 673 F.3d 1240, 1247-48 (9th Cir. 2012). Nevertheless, the mere fact that the preclusion of evidence makes it "much more difficult, perhaps almost impossible" to rebut or prove up a claim doesn't amount to a *de*

---

[1] Specifically, Armer argued that that the substantially-justified-or-harmless standard applied. (Doc. 66 at 15 ["[S]hould the Court be inclined to find that the scope of Plaintiff's experts' rebuttal reports was somehow improper, the Court may find that Plaintiff's rebuttal reports were substantially justified or harmless such that the reports need not be stricken."].)

- 3 -

*facto* dismissal. *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001). Something more is required. For example, in *R & R Sails*, the evidence precluded under Rule 37 was the only evidence of compensatory damages, and its exclusion meant there could be "no evidence . . . to support an award of punitive damages" and completely prohibited a party from recovering fees. 673 F.3d at 1242. Similarly, a *de facto* dismissal may result when a district court precludes evidence and the preclusion of that evidence is "the sole basis" for a grant of summary judgment. *Toyrrific, LLC v. Karapetian*, 606 Fed. App'x 365, 365 (9th Cir. 2015). *See also Ingenco Holdings, LLC v. Ace Am. Ins. Co.*, 921 F.3d 803, 821-22 (9th Cir. 2019) (stating that a finding of bad faith or willfulness is necessary when the exclusion of evidence would be "dispositive" of a claim).

Although the Court accepts Armer's point that her case is weakened without her experts' exacerbation opinion, exclusion of that opinion is not dispositive of her claims. In addition to the pelvic fracture, Armer's experts identified multiple rib fractures, chronic pain, a scalp laceration, and post-traumatic stress disorder. (*See, e.g.,* Doc. 65-5 at 2-3.) Importantly, Armer's claims—breach of contract and bad faith—are not premised on specific injuries, but on CSAA's alleged "unreasonable delay in payment" and failure "to explain or identify why they will not pay their policy limits." (Doc. 1-3 at 8 ¶¶ 14-15.) Armer's medical experts remain free to testify as to these other injuries, and Armer's standard of care expert remains free to testify as to CSAA's alleged improper handling of her claim. Exclusion of the exacerbation opinion, then, is not dispositive of her claims and this is not an example of a *de facto* dismissal. *Cf. Arizona Libertarian Party v. Reagan*, 2017 WL 2929459, *4 & n.4 (D. Ariz. 2017) (granting motion to strike declarations, based on untimely disclosure, and holding that a finding of willfulness, fault, or bad faith was not required under *R&R Sails* because "[t]he Court's exclusion of the six declarations does not amount to dismissal of Plaintiffs' claim" and "the grant of the Secretary's motion for summary judgment is not based on the absence of these witnesses").

Instead, this is an "ordinary case" of exclusion under Rule 37. *R & R Sails*, 673

F.3d at 1247. In the ordinary case, exclusion is automatic absent substantial justification or harmlessness. *Yeti by Molly*, 259 F.3d at 1106; Gensler, Rule 37 at 1140. The Court has already addressed both exceptions. (Doc. 93 at 12-15.) Armer failed to meet her burden as to either. (*Id.*) Her motion for reconsideration raises no new arguments on this point. Exclusion is the proper sanction.

Finally, Armer argues that the presentation of her case will be more difficult without her experts' opinions concerning her pelvic fracture. (Doc. 99 at 8-9.) This is, in part, because exclusion will deny her the opportunity to "tell the jury . . . one side believes it was an exacerbation . . . and one side doesn't." (*Id.*) Be that as it may, Armer made a choice, at the expert disclosure deadline, to proceed under the theory that the accident caused the fracture, even though she was on notice that this theory might be wrong. That it turned out to be wrong—which was established only after CSAA spent thousands of dollars on its own experts—doesn't mean that Armer is entitled to essentially re-do the expert disclosure process. And again, the fact that exclusion of evidence makes a case more difficult to prove doesn't mean that exclusion is inappropriate. Even if the case becomes "almost impossible," exclusion is still the automatic sanction. *Yeti by Molly*, 259 F.3d at 1106.

Accordingly, **IT IS ORDERED** that Armer's motion for reconsideration (Doc. 99) is **denied**.

Dated this 30th day of June, 2020.

_____
Dominic W. Lanza
United States District Judge